**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**
**PHILADELPHIA DIVISION**

| | |
|---|---|
| In re:<br><br>Gary S. Stewart,<br><br>                    Debtor.<br><br><br>U.S. BANK NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE NRZ PASS-THROUGH TRUST X,<br><br>              Objecting Party<br>  v.<br><br>Gary S. Stewart, Debtor, and Frederick L. Reigle, Ch. 13 Trustee,<br><br>              Respondents. | Bankruptcy 18-10201-jkf<br><br>Chapter 13<br><br>Related to Doc. No. 15 |

## OBJECTION TO CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN

U.S. BANK NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE NRZ PASS-THROUGH TRUST X ("Secured Creditor"), by and through its undersigned counsel, objects to confirmation of Debtor's Chapter 13 Plan (DE #15), and states as follows:

1. Debtor, Gary S. Stewart ("Debtor"), filed a voluntary petition pursuant to Chapter 13 of the Bankruptcy Code on January 11, 2018.

2. Secured Creditor holds a security interest in the Debtor's real property located at 535 STEVENS RD, MORRISVILLE, PA 19067, by virtue of a Mortgage recorded on

November 8, 2006 at Instrument number 2006123422 of the Public Records of Bucks County, PA.  Said Mortgage secures a Note in the amount of $304,000.00.

3. The Debtor filed a Chapter 13 Plan on February 2, 2018.

4. The Plan fails to mention the total amount of arrears owed. According to Secured Creditor's timely-filed Proof of Claim, the correct pre-petition arrearage due Secured Creditor is $73,890.17.  Therefore, the Plan is not in compliance with the requirements of 11 U.S.C. §§ 1322(b)(3) and 1325(a)(5) and cannot be confirmed.  Secured Creditor objects to any plan which proposes to pay it anything less than $73,890.17 as the pre-petition arrearage over the life of the plan.

5. The Plan fails to include treatment of Secured Creditor's claim.  The subject property and claim are, however, listed in Debtor's schedules. Secured Creditor objects to the Plan and seeks clarification as to Debtor's intentions in regard to the subject property and claim.

6. Based on Debtor's Schedules, the Plan does not appear feasible due to the representation that sufficient disposable income is not available to support the proposed Plan payments. Thus, the plan violates the provisions of 11 U.S.C. § 1325(a)(6) and cannot be confirmed.

**WHEREFORE**, Secured Creditor respectfully requests this Court sustain the objections stated herein and deny confirmation of Debtor's Plan, and for such other and further relief as the Court may deem just and proper.

    Robertson, Anschutz & Schneid, P.L.
    Attorney for Secured Creditor
    6409 Congress Ave., Suite 100
    Boca Raton, FL 33487
    Telephone: 561-241-6901
    Facsimile: 561-997-6909

    By: /s/Kevin Buttery
    Kevin Buttery, Esquire
    PA Bar Number 319438
    Email: kbuttery@rascrane.com

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on March 21, 2018, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, and a true and correct copy has been served via CM/ECF or United States Mail to the following parties:

MICHAEL P. KELLY
COWAN & KELLY
202 PENNS SQUARE
LANGHORNE, PA  19047

GARY S. STEWART
535 STEVENS ROAD
MORRISVILLE, PA  19067

FREDERICK L. REIGLE
CHAPTER 13 TRUSTEE
2901 ST. LAWRENCE AVE.
P.O. BOX 4010
READING, PA  19606

UNITED STATES TRUSTEE
833 CHESTNUT STREET
SUITE 500
PHILADELPHIA, PA  19107

Robertson, Anschutz & Schneid, P.L.
Attorney for Secured Creditor
6409 Congress Ave., Suite 100
Boca Raton, FL 33487
Telephone: 561-241-6901
Facsimile: 561-997-6909

By: /s/Kevin Buttery
Kevin Buttery, Esquire
PA Bar Number 319438
Email: kbuttery@rascrane.com